Lawrence GLADSON, Plaintiff,

v.

Gary L. HENMAN, et al., Defendants.

No. 90–3471–RDR.

United States District Court,
D. Kansas.

Jan. 28, 1993.

Lawrence Gladson, pro se.

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999,

Melanie D. Caro, Office of U.S. Atty., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

Plaintiff proceeds pro se and in forma pauperis on a *Bivens* [1] complaint filed pursuant to 28 U.S.C. § 1331. Plaintiff is confined at United States Penitentiary at Leavenworth, Kansas (LVN), and complains that defendants violated his right to due process in terminating his job assignment in the Federal Prison Industries (UNICOR). He seeks declaratory and injunctive relief. Defendants filed a motion for summary judgment, and plaintiff filed his response thereto. Having reviewed the record, the court makes the following findings and order.

*Factual background*

In October 1988, plaintiff began work in UNICOR furniture plant no. 3. On June 23, 1989, plaintiff's work supervisor found plaintiff drinking homemade brew while at work. Plaintiff was charged with disobeying an order and being drunk. The charge of disobeying an order was later dropped, and disciplinary action proceeded on the charge of plaintiff's use of intoxicants. Plaintiff admitted to the misconduct. The Disciplinary Hearing Officer sanctioned plaintiff to 15 days in disciplinary segregation and to loss of good time credits. Plaintiff did not appeal from this disciplinary action, and there is no issue raised in this case regarding the procedural due process afforded plaintiff in the disciplinary action.

Once released from disciplinary segregation, plaintiff reported back to his UNICOR job and was informed his UNICOR job assignment had been terminated. Plaintiff was informed that he had been reassigned to the LVN Mechanical Services shop. Plaintiff claims this action resulted from defendants' discrimination against plaintiff, a state boarder serving his prison term in a federal facility. He also claims the termination of his UNICOR job assignment constituted additional disciplinary sanction which was im-

29 L.Ed.2d 619 (1971).

posed in violation of due process rights protected by prison regulations and the United States Constitution. Plaintiff's appeals regarding the termination of his UNICOR job assignment were unsuccessful.[2] The record contains a letter to plaintiff from the Warden which states plaintiff was removed from the UNICOR job assignment due to plaintiff's unsatisfactory work performance, as provided in the UNICOR Inmate Program Manual.

On the day plaintiff was charged with the disciplinary offenses, plaintiff's job supervisor initiated a job action recommendation to the Superintendent of Industries (SOI) that plaintiff be removed from his UNICOR work assignment. SOI sent a letter, dated June 29, 1989, to plaintiff's unit team manager requesting plaintiff be assigned within the institution (as opposed to UNICOR) upon plaintiff's release from disciplinary segregation. The letter referenced plaintiff's unsatisfactory work performance, and specifically cited plaintiff's violation of work rules and plaintiff being in a condition while at work that could have caused serious injury to plaintiff or others.

*Standards for Summary Judgment*

Summary judgment is appropriate when no genuine issue of material fact and moving party entitled to judgment as matter of law. Federal Rules of Civil Procedure, Rule 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). In considering a motion for summary judgment, the court must resolve all factual disputes and draw all inferences in favor of the nonmoving party. *Reazin v. Blue Cross & Blue Shield,* 899 F.2d 951, 979 (10th Cir.), *cert. denied,* 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990); *McKenzie v. Mercy Hospital,* 854 F.2d 365, 367 (10th Cir.1988). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it

to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

*Discussion*

In the present case, there is no factual dispute that must be resolved. The legal issue presented is whether plaintiff was denied due process in the manner in which he was terminated from his UNICOR job assignment. The court finds no due process violation occurred.

██ A federal inmate's participation in the UNICOR program is subject to broad discretion by prison officials. Where transfer or termination of a UNICOR job is not accompanied by disciplinary proceedings, it is clear that such transfer or termination does not confer upon an inmate an entitlement sufficient to trigger constitutional due process. *Garza v. Miller,* 688 F.2d 480 (7th Cir.1982), *cert. denied,* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). *See e.g., Anderson v. Hascall,* 566 F.Supp. 1492 (D.Minn.1983), *aff'd.,* 763 F.2d 325 (8th Cir.1985) (no due process violation in administrative transfer from prison industries without a hearing).

██ In the present case, plaintiff *was* charged with a disciplinary offense that arose from plaintiff's work conduct. However, independent to that disciplinary action, plaintiff's job supervisor and SOI proceeded to recommend that plaintiff be reassigned to a non-UNICOR job. Because plaintiff was reassigned, the UNICOR recommendation apparently was accepted and followed in action taken by plaintiff's unit team. Under the circumstances presented in this case, the court finds the record sufficiently documents that plaintiff's removal from the UNICOR job resulted from the discretion afforded the SOI to recommend removal, and from the unit team decision to reassign plaintiff. *See* 28 C.F.R. § 345.12(d).[3] The court finds no

---

**2.** Defendants argue this action should be dismissed based on plaintiff's failure to pursue and exhaust administrative remedies. The record reflects plaintiff attempted to appeal the decision to terminate his UNICOR job assignment, but that his appeals were construed as untimely appeals from the disciplinary action which plaintiff was not challenging. Under the circumstances, the court finds dismissal of the complaint for failure

to exhaust administrative remedies would not be warranted.

**3.** A separate section, § 345.12(c), not applicable here, addresses the SOI's recommendation that an inmate's UNICOR job be terminated as part of a disciplinary sanction.

**48**

indication the termination of plaintiff's UNICOR job assignment was imposed as additional disciplinary sanction. The court further finds no support for plaintiff's claim that he was entitled to a hearing prior to the termination of his UNICOR work assignment.

Prison regulations provide that an inmate, upon his release from disciplinary segregation, "will be assigned back to work at the needs of the institution." Institution Supplement No. LVN 5252.2, Section 6(b)(2) (February 17, 1987). Later in the same regulation, it provides that when an inmate assigned to UNICOR is admitted to disciplinary segregation, upon his release he "will be assigned back to UNICOR, but is not guaranteed the same job assignment or pay grade." *Id.*, Section 8(b). Although Section 8(b) reads as a possible restraint to the broad discretion afforded under Section 6(b)(2), the court does not read Section 8(b) as mandating plaintiff's return to a UNICOR job assignment where UNICOR officials, prior to the inmate's release from disciplinary segregation, have independently exercised their discretionary authority to recommend plaintiff's removal and transfer to a non-UNICOR work assignment.

Plaintiff relies heavily on his claim that when a UNICOR worker is found guilty of being intoxicated, the normal practice is to allow the inmate to return to his UNICOR job but with a reduction in pay following the inmate's term in disciplinary segregation. Even if the court assumes the truth of this claim, such "normal practice" falls far short of establishing a protected liberty interest, and it does not establish any basis for plaintiff to raise a constitutional claim of discriminatory treatment. Nor does the court find any factual support for plaintiff's conclusory claim that his removal from the UNICOR work assignment was contrary to the agreement between state and federal officials for boarding state offenders in a federal institution.

Plaintiff also relies on a provision in the UNICOR Inmate Program Manual which states that an inmate with a UNICOR work assignment can, under specified conditions, be away from his job for up to 30 days without loss of benefits. UNICOR Inmate Program Manual, Section 8135.0(3)(e)(2). Although the regulation expressly covers inmates held in administrative segregation, the regulation does not mention inmates held in disciplinary segregation.

Given the above findings, the court concludes plaintiff has failed to state a claim upon which relief can be granted, Fed. R.Civ.P. 12(b)(6), and that defendants are entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.